UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WOLF GUTS,<br><br>Defendant. | 3:17-CR-30059-RAL<br><br>ORDER ON CERTAIN MOTIONS AND FOR RESPONSE REGARDING WOLF GUTS'S CIVIL COMMITMENT AND SECTION 2255 CLAIMS |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:21-CV-03026-RAL |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>KRUEGGER, WARDEN AT FMC SPRINGFIELD MO; DR TYNER, DOCTOR AT FMC SPRINGFIELD; DR HAMPTON, DOCTOR AT FMC SPRINGFIELD; DR LIGATA, DOCTOR AT USP TUCSON AZ; AND KIRK ALBERTSON, ASSISTANT UNITED STATES ATTORNEY;<br><br>Defendants. | 4:21-CV-04213-RAL |

1

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL,<br><br>Defendant. | 4:21-CV-04214-RAL |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>MR. J. KRUEGGER,<br><br>Defendant. | 4:21-CV-04215-RAL |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>J. KRUEGGER, THE ATTORNEY GENERAL OF THE STATE OF SPRINGFIELD MISSOURI,<br><br>Defendants. | 3:21-CV-03028-RAL |

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>USP TUCSON AZ, U.S. ATTORNEY GENERAL, FBOP USDOJ US ATTORNEYS, AT USP TUCSON ARIZONA; AUSA KIRK ALBERTSON, OF PIERRE DISTRICT; FBOP PSYCH DOCTOR, MPM COUNTY CASE MANAGER, USP TUCSON AZ; US ATTORNEY SPRINGFIELD FMC, AT FBOP USDOJ; AND CRIMINAL INVESTIGATORS, SPECIAL AGENTS AT ROSEBUD SOUTH DAKOTA;<br><br>Defendants. | 5:22-CV-05009-RAL<br><br><br>ORDER |

## I. Background

In April 2017, Richard Wolf Guts was indicted[1] in 17-CR-30059-RAL for Assaulting, Resisting, Opposing, and Impeding a Federal Officer in violation of 18 U.S.C. § 111(a). 17-CR-30059, Doc. 1[2]. The charges resulted from an incident that occurred while Wolf Guts was detained in the Rosebud Sioux Tribe Adult Correctional Facility. Doc. 36 at 4. After spilling water in his

---

[1] Wolf Guts has several other criminal convictions for felony sexual abuse of a minor, assaulting, resisting, opposing and impeding a federal officer, threatening a law enforcement officer, failure to register, (felony) simple assault of a law enforcement officer, intentional damage to property, impersonating to deceive a law enforcement officer. Doc. 36

[2] The document numbers in this order correspond to the case docket numbers referenced in the same or proceeding paragraphs.

3

cell and disobeying instructions from corrections personnel, he was placed in a restraining chair. Doc. 36 at 4. He spit, bit and kicked correctional staff in the process.[3] Doc. 36 at 4.

Wolf Guts was federally arrested on or about April 19, 2017.[4] He pleaded guilty and was sentenced to 27 months in custody followed by two years of supervised release. Doc. 42. By this Court's calculation, including the time served from the date of his arrest, his release date should have been in the late spring or summer of 2019[5].

For reasons not entirely clear to this Court, Wolf Guts remains in federal custody nearly three years after this Court would have anticipated his release. He has filed several handwritten letters and other materials seeking relief that are difficult to decipher and understand prompting the Clerk of Court to open a series of civil cases. See 21-CIV-3026; 21-CIV-4213; 21-CIV-4214; 21-CIV-4215; 21-CIV-3028; 22-CIV-5009.

In his criminal case, United States of America v. Wolf Guts, 17-CR-30059, Wolf Guts moved the Court in September 2021 for relief claiming he was injured by correctional staff. Docs. 50, 51. He claimed to have knowledge of a conspiracy to distribute controlled substances run by Rosebud Sioux Tribe law enforcement. Docs. 50, 51. He also claimed that federal correctional officers in Tucson Arizona, were bringing heroin into the facility. Doc. 50. He referenced to a March 9, 2018, incident where his nose was fractured and his stomach cut twice with a knife. Doc. 51, 52. He wrote about being a member of the Mexican mafia. Doc. 50, 52. He admitted to using alcohol while in custody but claimed to have found faith in Jimmy Swagger Ministries such that he wants to preach to Native people. Doc. 51. He requested damages in the amount of

---

[3] During the pretrial proceedings, Wolf Guts continued to exhibit disconcerting and erratic behavior. He was combative and spit on staff, refused to take prescribed medication, broke several sprinklers in his cell resulting in flooding, was restrained and threatened suicide. Doc. 36 at 3-4.
[4] Wolf Guts has remained in custody throughout the proceedings.
[5] Wolf Guts claims his projected release date was May 21, 2019. 3:21-CV-03028, Doc. 1 at 6.

4

$350,000,000. Doc. 50. None of these claims justify relief from his conviction and sentence in 17-CR-30059. Accordingly, in December, 2021, the Clerk of Courts advised that all further docketing and filings regarding the matter would occur in civil case number: 21-CIV-3026.

On December 23, 2021, in Wolf Guts v. United States of America, 21-CIV-3026, Wolf Guts filed a § 2255 motion to vacate, set aside or correct sentence and moved to proceed in forma pauperis. Docs. 1, 2. He claimed that he did not have a proper hearing for civil commitment and is being falsely imprisoned. Docs. 1, 6. He believed himself falsely accused of assault. Doc. 1. He referenced to a March 9, 2018, incident where he was headbutted by case manager Mr. Shied in Tucson, Arizona and claims his nose was fractured. Docs. 1, 6. He alleged a Richard Krueger cut him on the stomach. Doc. 6. He wrote that he has been deemed mentally ill because he divulged information about federal prisons staff selling drugs in correctional facilities. Doc. 6. He requested damages in the amount of $350,000,000 and to proceed in forma pauperis. Docs. 1, 2.

On December 6, 2021, Wolf Guts v. Kruegger et al[6], 21-CIV-4213, Wolf Guts submitted a Civil Rights Complaint form. Doc. 1. He did not specify the source of federal jurisdiction (28 U.S.C. § 1343 (a)(3); 42 U.S.C. § 1983; 28 U.S.C. § 1331 Bivens) under which he claimed relief. Doc. 1. He alleged he was assaulted by federal correctional staff and had his nose fractured. Doc. 1. He claimed an officer named Mr. Shied cut him with a knife. Doc. 1. He claimed the correctional staff at the Springfield Medical Center failed to bring him legal material to continue his appeals. Doc. 1. He requested damages in the amount of $350,000,000 and $21,000,000. Doc. 1.

---

[6] Wolf Guts named as defendants: Kruegger, Warden at FMC Springfield MO; Dr. Tyner, Doctor at FMC Springfield; Dr. Hampton, Doctor at FMC Springfield; Dr. Ligata, Doctor at USP Tucson AZ; Kirk Albertson, Assistant United States Attorney.

Also, on December 6, 2021, in <u>Wolf Guts v. Attorney General</u>, 21-CIV-4214, Wolf Guts filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255 and moved to proceed without paying fees. Doc. 1, 2. He claimed he was being committed against his will for testifying about correctional staff distributing drugs in prison facilities. Docs. 1, 6. He mentioned his nose being fractured. Docs. 1, 6. He claimed he was being falsely imprisoned. Docs. 1, 6.

On December 7, 2021, in <u>Wolf Guts v. Kruegger</u>, 21-CIV4215, Wolf Guts filed a habeas petition under 28 U.S.C. §§ 2241 and 2255 and moved to proceed in forma pauperis. Docs. 1, 2. He disputed his continued custody after serving his 27 months sentence. Docs. 1, 5. He claimed his Eighth Amendment right was being violated by a civil commitment. Doc. 1. He referred to incidents on March 9, 2018, and June 12, 2018, where he was cut by correctional staff with a pocket knife. Doc. 1. He claimed continued confinement has caused him to hear voices in his head. Doc. 1. He requested punitive damages. Doc. 1.

On December 23, 2021, in <u>Wolf Guts v. Kruegger et al</u>[7], 21-CIV-3028, Wolf Guts moved to proceed in forma pauperis to file a § 2254[8] habeas petition claiming he is illegally being held on a civil commitment under 18 U.S.C. § 4246 after a doctor fraudulently claimed he was a danger to the public. Docs. 1, 2. He claimed the real reason he is being detained is because he wanted to testify about Mexican cartels distributing drugs in federal prison facilities. Doc. 1. He mentioned a June 12, 2018 incident where a correctional officer he referred to as Mr. Shied assaulted him. Doc. 1, 5. He argued this constituted excessive use of force. Doc. 5. He requested $350,000,000 in damages. Doc. 1.

---

[7] Wolf Guts named as respondents: J. Kruegger and the Attorney General of the State of Springfield Missouri.

[8] Wolf Guts is not a state inmate, so § 2254 does not apply. As a federal inmate, § 2255 is the route for Wolf Guts to seek post-conviction habeas relief. 28 U.S.C. § 2255.

6

On January 6, 2022, in <u>USP Tucson AZ et al</u>[9], 22-CIV-5009, Wolf Guts moved to proceed in forma pauperis with a 28 U.S.C. § 1331 <u>Bivens</u> complaint claiming corrections staff assaulted him at the Tucson, Arizona, federal prison facility. Docs. 1, 2. With his motion for leave to proceed in forma pauperis in this most recent case, Wolf Guts filed a Prisoner Trust Account Report reflecting a current balance of $3,326.31, and an average balance over the prior 30 day period of $3,426.35. Doc. 3. Wolf Guts thus has the financial ability to pay filing fees, which are $5 for § 2241 actions and $402 for <u>Bivens</u> cases. There is no filing fee for a § 2255 case.

As of the date of this order, Wolf Guts is housed at the Springfield Medical Center Federal Prison Facility in Springfield, Missouri. (https://www.bop.gov/inmateloc/ inmate: 13314-073). His release date is listed as unknown. <u>Id.</u>

**II. Discussion**

The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, a federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States." <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 28 U.S.C. § 2241(c)(3). "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002).

---

[9] Wolf Guts named as defendants: USP Tucson AZ; US Attorney General; FBOP US DOJ US Attorneys at USP Tucson Arizona; AUSA Kirk Albertson of Pierre District; FBOP Psych Doctor; MPM County Case Manager at USP Tucson AZ; US Attorney Springfield FMC at FBOP USDOJ; Criminal Investigators, Special Agents at Rosebud South Dakota.

This Court could simply choose to dismiss Wolf Guts's § 2241 petitions without prejudice to re-filing in federal court in Springfield, Missouri. See Alpine v. Smith, No. 3:19-CV-03001-RAL, 2019 WL 8499344, at *1 (D.S.D. Feb. 12, 2019) (dismissing § 2241 petition because petition was filed in the wrong district and was incomprehensible). Section 2241 habeas cases brought by federal inmates like Wolf Guts are to proceed in the judicial district where the defendant is incarcerated. Matheny, 307 F.3d at 711. Wolf Guts is in custody in Springfield, Missouri, not in South Dakota. His § 2241 petitions therefore should be filed in the federal court in Missouri where he evidently is held within a federal medical center. This Court either can transfer the § 2241 cases to the district where Wolf Guts is incarcerated or dismiss them without prejudice to filing elsewhere.

This Court is to screen pro se inmate actions under 28 U.S.C. § 1915A. The screening process allows the district court to dismiss claims that are irrational or incomprehensible. Denton v. Hernandez, 504 U.S. 25, 32 (1992). While a pro se complaint is to be liberally construed, it still must contain specific facts supporting its conclusion. Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Despite some issues with clarity in his pleadings, Wolf Guts has alleged he is being held in custody past his release date which states a plausible ground for relief. Kansas v. Hendricks, 521 U.S. 346, 356 (1997) ("Although freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action, that liberty interest is not absolute." (cleaned up and citation omitted)). The same allegations about wrongful detention and being a victim of assaults by federal officers that comprise his § 2241 filings form the substance of his §§ 2255 and 1331 Bivens complaints. As a preliminary matter, Wolf Guts's claims have enough substance to survive under § 1915A, but likely do not belong in this judicial

8

district. To assist this Court in determining whether to dismiss without prejudice or transfer the cases to federal court in Springfield, Missouri, this Court will order the U.S. Attorney's Office[10] file a responsive pleading in the § 2255 case of Wolf Guts v. United States, 21-CIV-3026, to include an explanation behind his civil commitment and addressing claims made in that § 2255 case.[11] The response of the United States should assist the Court in understanding Wolf Guts's civil commitment, screening Wolf Guts's complaints and determining whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" in Wolf Guts's § 2255 petitions.[12] 28 U.S.C.A. § 2255.

---

[10] Rule 4 of the Rules Governing § 2255 Proceedings provides that "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Section 2255(b) provides "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.A. § 2255.

[11] This Court acknowledges that it appears on face that Wolf Guts's § 2255 petitions are time-barred by 28 U.S.C.A. § 2255(f)'s one-year statute of limitations. Nevertheless, to efficiently respond to Wolf Guts's numerous claims of relief, this Court orders a response regarding Wolf Guts's civil commitment before dismissal.

[12] Another avenue to dismiss the successive § 2255 petitions would be through Rule 9 of the Rules Governing § 2255 Proceedings and § 2255(h). Rule 9 provides "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Section 2255(h) provides "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C.A. § 2255(h). It does not appear

Therefore, for good cause, it is

ORDERED that the U.S. Attorney's Office is directed to file a response within 28 days in 21-CIV-3026, explaining why Wolf Guts is still in Bureau of Prisons' custody and if he in fact is civilly committed and under what order. It is further

ORDERED that Wolf Guts has 28 days from this order to pay the Clerk of Court filing fees of $402 in 21-CIV-4213, $5 in 21-CIV-4214, $5 in 21-CIV-4215, and $402 in 22-CIV-5009. There is no filing fee owed in 21-CIV-3026 and 21-CIV-3028. It is further

ORDERED that the motions filed as Doc. 50 in 17-CR-30059, Doc. 2 in 21-CIV-3026, Doc 2 in 21-CIV-4214 and Doc. 2 in 21-CIV-3028 are all denied though this Court may still direct service as if IFP status had been granted or may transfer cases, depending on the response of the United States.

DATED this 29th day of March, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

that Wolf Guts's successive § 2255 petitions were certified. See also Gomez v. Mattson, No. 4:21-CV-04177-RAL, 2021 WL 5583019, at *2 (D.S.D. Nov. 30, 2021) (dismissing § 2254 petition for filing successive petitions without gaining court of appeals authorization).